## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| ENTERPRISE PLASTICS, INC., 838 Overholt Rd. Kent, OH 44240 | ) ) ) ) ) | CASE NO. |
| Plaintiff, | ) ) | **COMPLAINT** |
| v. | ) ) | |
| TEKMART INTERNATIONAL, INC., 12220 Rojas Drive, Suite 500 El Paso, TX 79936 | ) ) ) ) ) | **DEMAND FOR JURY TRIAL ENDORSED HEREON** |
| -AND- | ) ) | |
| TEKMART INTEGRATED MANUFACTURING SERVICES, 12220 Rojas Drive, Suite 500 El Paso, TX 79936 | ) ) ) ) ) | |
| Defendants. | ) | |

NOW COMES Enterprise Plastics, Inc. ("Plaintiff" or "EP"), by and through counsel, and for its Complaint against Defendants, Tekmart International, Inc. and Tekmart Integrated Manufacturing Services, (jointly "Defendants" or "Tekmart"), states as follows:

### PRELIMINARY STATEMENT

1. This is an action for breach of contract against Defendants for their material breaches of purchase orders entered into by Plaintiff and Defendants for plastic toilet components.

### PARTIES

2. Plaintiff, EP, is a corporation incorporated under the laws of the State of Ohio. EP has its corporate headquarters in Kent, Portage County, Ohio.

3. Defendant, Tekmart International, Inc. is a foreign corporation incorporated under the laws of the Province of Ontario, Canada with its principal place of business in Toronto, Ontario. Upon information and belief, Tekmart International, Inc. does business in the United States under the names "Tekmart," "Tekmart Integrated Manufacturing Services" and/or "TIMS." Tekmart International, Inc. maintains an office in El Paso, Texas.

4. Defendant, Tekmart Integrated Manufacturing Services, is a division and/or wholly owned subsidiary of Tekmart International, Inc., maintains its principal place of business in Toronto, Ontario, does business in the United States under the names "Tekmart," "Tekmart Integrated Manufacturing Services" and/or "TIMS" and maintains an office in El Paso, Texas.

## JURISDICTION AND VENUE

5. Subject matter jurisdiction is proper pursuant to this Court's diversity jurisdiction, 28 U.S.C. § 1332(a)(2), because there is diversity of citizenship between EP and Tekmart and more than Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs, is in controversy.

6. There is personal jurisdiction over Tekmart in this Court because Tekmart has sufficient minimum contacts with the State of Ohio through its business dealings with EP. Tekmart has directed approximately sixty-five (65) purchase orders to EP in Kent, Portage County, Ohio over the course of 2019, 2020, 2021 and 2022, interacted with EP employees in Kent, Portage County, Ohio during this same time period, and directed funds to EP in Kent, Portage County, Ohio to pay for some, but not all, of these purchases during this same time period.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, Ohio's long-arm statute and the due process clause of the United States Constitution because a substantial part of the events or omissions giving rise to EP's claims occurred in Portage County, Ohio, EP maintains its

principal place of business in Portage County, Ohio, and Tekmart does not maintain its principal place of business in the United States.

## RELEVANT FACTS

8. Tekmart manufactures toilets for the Dometic Group ("Dometic").

9. Tekmart purchases from EP various parts, such as toilet bowl rims, flush nozzles and water valves, necessary to manufacture Dometic toilets.

10. Tekmart has been purchasing parts for Dometic toilets from EP since 2019.

11. The parts are manufactured to the specifications of Dometic for sale by Tekmart exclusively to Dometic.

12. At all relevant times, EP and Tekmart have transacted business as follows:

   a. Tekmart issues a purchase order to EP in Ohio for specifically identified parts needed to manufacture Dometic toilets. Each purchase order identifies the quantity and price of each part ordered, the terms of payment and the currency to be used for payment, *i.e.* the United States Dollar. Typically, multiple parts are ordered in a single purchase order.

   b. In reliance on the purchase order, EP manufactures the parts identified in the purchase order in the quantities requested.

   c. Once the requested quantity of a part is manufactured, EP packages and delivers the part to Tekmart at 1455 Vanderbilt Dr., El Paso, TX 79939.

   d. After the part is delivered and accepted, EP delivers an invoice to Tekmart for the quantity of the part ordered at the price stated in the purchase order. Each invoice identifies the originating purchase order, quantity and price of the

        part(s) ordered, and requests payment within a certain number of days (generally thirty days) after receipt.

    e. On average, Tekmart paid EP within sixty (60) days of the date of the invoice.

    f. Tekmart paid EP by initiating an ACH payment directly to EP's checking account with Huntington National Bank.

13. Between July 21, 2021 and June 7, 2022, Tekmart issued six (6) purchase orders (collectively, "Purchase Orders") to EP for parts for Dometic toilets that EP subsequently manufactured, packaged and delivered to Tekmart. True and accurate copies of these Purchase Orders are attached hereto and incorporated by reference as Exhibit 1.

14. Between March 3, 2022 and August 4, 2022, EP issued fifteen (15) invoices to Tekmart for parts manufactured, packaged and delivered to Tekmart pursuant to the Purchase Orders (collectively, "Invoices"). True and accurate copies of the Invoices and a summary of the amounts due under the Invoices are attached hereto and incorporated by reference as Exhibit 2 and Exhibit 3, respectively. Tekmart accepted the parts delivered and invoiced.

15. Tekmart has failed and refused to pay the full amount of the due Invoices despite its acceptance of the parts and several attempts by EP to obtain payment.

16. On August 25, 2022, Tekmart informed EP by email that "on August 2nd, 2022 with limited advance notice all the demand for the Dometic toilets were cancelled and we were advised that it was due to significant reduction in demand."

17. In its email, Tekmart further stated that it "is not in a position to pay or hold obsolete inventory that is as a result of cancellation of demand." Tekmart further advised that it does not believe Dometic will purchase the parts in Tekmart's inventory that it had ordered and accepted from EP.

18. Tekmart requested that EP accept the return of parts in Tekmart's inventory. EP rejected this request because Tekmart has informed EP that Dometic will not purchase the parts, and even if there were a purchaser for the parts, shipment of the parts back to EP is cost prohibitive and would likely result in the parts being sold for a loss.

## COUNT ONE – ACCOUNT STATED

19. EP re-alleges and incorporates by reference herein all prior allegations contained in this Complaint.

20. Plaintiff asserts an action on account stated against Defendants for damages in the amount of $152,184.91, plus statutory interest.

21. Before the institution of this action, Plaintiff and Defendants transacted business between them, and Defendants agreed to pay the resulting balance of the business transacted.

22. During the relevant time period, Plaintiff provided Defendants with parts requested and numerous statements and/or reminders of the unpaid balances owed to Plaintiff for said parts. A true and accurate statement of account showing the current unpaid balance due is attached hereto and incorporated by reference as Exhibit 4.

23. At no time have Defendants objected to the balance due as indicated on the statement of account. Rather, Defendants have only indicated their preference not pay Plaintiff and return the parts they accepted because Dometic will no longer use Tekmart as a supplier.

24. Defendants owe Plaintiff $152,184.91, plus statutory interest on account. Plaintiff has been damaged in such amount.

## COUNT TWO – BREACH OF CONTRACT

25. EP re-alleges and incorporates by reference herein all prior allegations contained in this Complaint.

26. Through Defendants' purchase orders, Plaintiff's performance and Plaintiff's invoices, a contract was formed by Plaintiff and Defendants.

27. Plaintiff fully performed all of its obligations under the contract without a breach thereof.

28. Defendants materially breached the contract without legal justification by not paying Plaintiff for the parts ordered and accepted thereunder.

29. As a direct and proximate result of Defendants' material breach of contract, Plaintiff has suffered damages in an amount not less than $152,184.91, to be more fully determined at trial.

## COUNT THREE – PROMISSORY ESTOPPEL

30. EP re-alleges and incorporates by reference herein all prior allegations contained in this Complaint.

31. By issuing the Purchase Orders to Plaintiff, Defendants represented to Plaintiff that Defendants would pay Plaintiff for the parts Plaintiff delivered to Defendants and accepted pursuant to those Purchase Orders.

32. Defendants issued the Purchase Orders to Plaintiff with the intent to induce Plaintiff to manufacture and deliver parts to Defendants based upon Defendants' representations that they would pay Plaintiff for the parts.

33. Plaintiff manufactured and delivered parts ordered under the Purchase Orders to Defendants, and Defendants accepted the parts.

34. Plaintiff acted reasonably by manufacturing and delivering parts to Defendants in reliance upon Defendants' representations that they would pay Plaintiff for the parts ordered and accepted.

35. Plaintiff has suffered losses and damages as a direct result of Defendants' representations that they would pay Plaintiff for the parts manufactured and delivered by Plaintiff and accepted by Defendants pursuant to those purchase orders.

36. It would be inequitable and unconscionable for Defendants to retain the parts, which Defendants represent cannot be resold, without paying Plaintiff for the parts.

## COUNT FOUR – UNJUST ENRICHMENT

37. EP re-alleges and incorporates by reference herein all prior allegations contained in this Complaint.

38. By accepting and retaining the parts delivered by Plaintiff to Defendants pursuant to the Purchase Orders without payment, Defendants have knowingly received and accepted a benefit at Plaintiff's expense.

39. Defendants knew of the benefit conferred and that Plaintiff expected payment.

40. Defendants' retention of the benefit without payment is unjust.

41. As a direct and proximate result of Defendants' unjust retention of the parts delivered by Plaintiff to Defendants pursuant to the Purchase Orders without payment, Plaintiff has suffered damages in the amount of the benefit conferred, which is not less than $152,184.91.

## COUNT FIVE – ACTION FOR PRICE
### Ohio Rev. Code § 1302.83 (UCC 2-709)

42. EP re-alleges and incorporates by reference herein all prior allegations contained in this Complaint.

43. Plaintiff is a "seller" and Defendants are "buyers" as those terms are defined in Chapter 1302 of the Ohio Revised Code (adopting the Uniform Commercial Code).

44. Defendants accepted the parts reflected in the Invoices and delivered pursuant to the Purchase Orders.

7

45. Defendants have failed to pay Plaintiff the price of the parts as they became due, are attempting to revoke their acceptance of the parts and have otherwise repudiated the Purchase Orders.

46. Circumstances reasonably indicate that the parts cannot be resold at a reasonable price because the parts were manufactured to the specifications of Dometic for sale exclusively to Dometic and Defendants have represented that Dometic will not purchase the parts.

47. As a direct and proximate result of Defendants' actions, Plaintiff has been damaged and is entitled to recover the price of the parts, $152,184.91, and any other damages recoverable under Ohio Rev. Code §§ 1302.82, 1302.83 and 1302.84.

## REQUESTED RELIEF

**WHEREFORE**, Enterprise Plastics, Inc. demands that judgment be entered in its favor on its claims against Defendants and that it be awarded damages in amount to be proven at trial in excess of $75,000 as well as pre-judgment interest, post-judgment interest, attorneys' fees, expenses of litigation, court costs, and other such relief or remedy to which Enterprise Plastics, Inc. is entitled.

*/s/ Adam D. Fuller*
Donald W. Davis, Jr. (#0030559)
Adam D. Fuller (#0076431)
Elizabeth Shively Boatwright (#0081264)
Brennan, Manna & Diamond, LLC
75 East Market Street
Akron, OH 44308
(330) 253-5060/ Fax No.  (330) 253-1977
dwdavis@bmdllc.com
adfuller@bmdllc.com
esboatwright@bmdllc.com

*Attorneys for Plaintiff Enterprise Plastics, Inc.*

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a jury trial on all issues so triable by the maximum number of jurors allowed by law.

> */s/ Adam D. Fuller*
> Adam D. Fuller (#0076431)
> *Attorney for Plaintiff*

4859-2255-4928, v. 1